## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**BRIAN M. BOWMAN,**

                **Plaintiff,**             **CIVIL ACTION NO. 12-14494**

    **vs.**

                               **DISTRICT JUDGE STEPHEN J. MURPHY, III**

**COMMISSIONER OF**            **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

                **Defendant.**
_____/

### REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that Plaintiff's motion for summary judgment[1] (docket no. 16) be **DENIED**, Defendant's motion for summary judgment (docket no. 22) be **GRANTED**, and Plaintiff's complaint be dismissed.

**II.**    **PROCEDURAL HISTORY:**

      Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income on November 17, 2009, alleging disability beginning September 13, 2009 due to a skull fracture, brain herniation, and post left temporal craniectomy.  (TR 156-69, 221).  His applications were initially denied by the Social Security Administration on April 2, 2010, and later upon reconsideration on September 27, 2010.  (TR 74-86).  Subsequently, Plaintiff filed a written request for a *de novo* hearing.  An initial hearing held on December 9, 2011 was postponed

_____

[1]Plaintiff filed a letter in response to an Order to Show Cause entered by this Court on March 19, 2013.  (Docket nos. 15, 16).  The Court will construe Plaintiff's letter as his motion for summary judgment.

so that Plaintiff could obtain counsel.  (TR 63-69).  The hearing was rescheduled and on April 16, 2012, Plaintiff appeared with counsel in Rome, Georgia and testified at a hearing held before Administrative Law Judge (ALJ) Dana McDonald.  (TR 23-62).  Plaintiff's mother also appeared and testified at the hearing.  In addition, Vocational Expert (VE) Deborah Bunn-Durham testified via video conference.  In a June 22, 2012 decision the ALJ found that Plaintiff was not entitled to disability benefits because he remained capable of performing jobs that exist in significant numbers in the national economy.  (TR 8-17).  The Appeals Council declined to review the ALJ's decision and Plaintiff filed a *pro se* complaint for judicial review.  The parties filed cross motions for summary judgment which are currently before the Court.

## III.    TESTIMONY OF PLAINTIFF AND HIS MOTHER, AND THE MEDICAL EVIDENCE

### A.    Plaintiff's Testimony

Plaintiff was thirty-nine years old on his alleged onset of disability date.  Although he did not complete high school, he did obtain a GED and he took writing classes through the University of Phoenix.  (TR 29, 31).  He was involved in a serious motor vehicle accident in Michigan on September 13, 2009.  (TR 28).  Plaintiff testified that he had no difficulties reading, writing, or performing arithmetic prior to the accident.  (TR 30).  Since the accident he has trouble with his short and long term memory and he is less tolerant of others.  (TR 34-36).

Plaintiff testified that he gets daily stabbing headaches in his left temporal lobe that last all day.  (TR 37).  He stated that his headaches disturb his sleep to the point where he has to stay awake for up to three days at a time and sleep only when he is too exhausted to go any further.  (TR 39, 44). He reported that he has "accidents" twice a week due to bladder and bowel incontinence.  (TR 40).

2

Plaintiff reported that he has two hernias that he cannot afford to have repaired.  (TR 43).  He stated that he has difficulty lifting a gallon of milk with his left hand, although his right hand and side are unaffected.  (TR 40).  He also reported that his left leg gives out when he bears weight.  He estimated that he can stand approximately forty-five minutes if he shifts his weight to his right leg and up to fifteen to twenty minutes if his weight is evenly distributed among both legs.  (TR 41-42).  He estimated that if he went shopping with his mother he could walk the entire time provided he held onto the side of the grocery cart.  (TR 42).  He testified that he no longer cooks because he does not trust himself near the stove.  (TR 39).

Plaintiff estimated that he has a level five and one half to seven pain on an average day.  (TR 37-38).  He stated that he takes acetaminophen to control the pain but he does not see a doctor because he has no insurance or money.  At some point prior to the hearing he was taking Ranitidine for seizures and Dilantin.  (TR 49-50).  He stated that on a typical day he shaves fifteen times "because there is nothing else to do," he swings a stick at trees, and he tries to strengthen his left arm.  (TR 38, 45).  He testified that he has not been treated at a mental health facility because he cannot find one.  (TR 49-50).

**B.     Testimony of Plaintiff's Mother**

Plaintiff's mother testified that since the accident Plaintiff spends more time alone, he is quiet, he has no patience, and he has a bad temper.  She stated that he completely isolates himself several times a week.  (TR 57).  She testified that she lives five minutes from Plaintiff, she speaks to him on the telephone several times a day, and she takes him to the grocery store to get what he needs.  (TR 54).  She testified that he takes a seat at the front of the store when they go grocery shopping.  She stated that she could not take Plaintiff to his doctor or schedule the tests his doctor

3

recommended because she could not afford it. She testified that she has taken Plaintiff to the emergency room on at least three occasions because he was having a seizure.

**C.      Medical Evidence**

The undersigned has thoroughly reviewed Plaintiff's medical record. In lieu of summarizing Plaintiff's medical history, the undersigned will make references and citations to the record as necessary in response to the parties' arguments.

**IV.     VOCATIONAL EXPERT TESTIMONY**

The VE testified that Plaintiff has past work as a heavy equipment operator at a skilled, medium exertional level although heavy as performed. (TR 59). The ALJ asked the VE to testify whether jobs were available for an individual of Plaintiff's age, education, and past relevant work experience who has the limitations identified in the physical residual functional capacity assessment completed by Dr. Mary Payne on September 27, 2010. (TR 59-60, 516-22). Dr. Payne opined that Plaintiff could occasionally lift or carry up to fifty pounds; frequently lift or carry up to twenty-five pounds; stand and/or walk about six hours in an eight hour day; sit about six hours in an eight hour day; never climb ladders, ropes or scaffolds; frequently climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; with no manipulative, visual, communicative, or environmental limitations except that he must avoid even moderate exposure to hazardous machinery and heights; and no limitations on his ability to push or pull. The VE testified that an individual with these limitations would not be capable of performing Plaintiff's past work, but would be able to perform light unskilled work as a silver wrapper (DOT 318.687-018), bagger (DOT 920.687-018), and garment turner (DOT 789.687-066), comprising six hundred jobs in the region and 62,000 jobs in the nation. (TR 60). The VE further testified that if Plaintiff's testimony was considered fully credible he would be

unable to perform the above listed jobs due to his constant headaches, seizures, uncontrolled bladder and bowel, left-sided weakness, impatience, and memory problems. (TR 61). The VE testified that work would be precluded if the individual was absent from work one or more times per month.

## V.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act at all times material to her decision. She also found that although Plaintiff has not engaged in substantial gainful activity at any time relevant to the decision, and suffers from the severe impairment of a history of traumatic brain injury with residual left-sided weakness, he did not have an impairment or combination of impairments that meets or equals one of the listed impairments. (TR 8-13).

The ALJ concluded that Plaintiff retains the residual functional capacity (RFC) to perform medium work, which is to say that Plaintiff can lift or carry fifty pounds occasionally and twenty-five pounds frequently, sit with normal breaks for six hours in an eight hour workday, stand or walk with normal breaks for six hours in an eight hour workday, frequently climb ramps and stairs, and frequently balance, kneel, stoop, crouch, and crawl, with no work around dangerous machinery and unprotected heights. (TR 13-15). The ALJ concluded that Plaintiff is not capable of performing his past relevant work, but is able to perform light jobs that exist in significant numbers in the national economy. Consequently, the ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act. (TR 15-17).

## VI.    LAW AND ANALYSIS

### A.    Standard Of Review

Pursuant to 42 U.S.C. § 405(g), the district court has jurisdiction to review the

5

Commissioner's final decisions. Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**B.     Framework for Social Security Disability Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

1. he was not engaged in substantial gainful employment; and
2. he suffered from a severe impairment; and
3. the impairment met or was medically equal to a "listed impairment;" or
4. he did not have the residual functional capacity to perform his past relevant work.

20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). If Plaintiff's impairments prevented him from doing his past relevant work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education and past work experience to determine if he could perform other work. If he could not, he would be deemed disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the

6

burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987) (citation omitted). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question if the question accurately portrays the plaintiff's physical and mental impairments. *Id.* (citations omitted).

## C.      Analysis

The Social Security Act authorizes "two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (a sentence-six remand)." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, No. 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff makes general allegations that his memory is poor and his seizures prevent him from working. (Docket no. 16). He states in his complaint that the ALJ denied his claim to benefits even though the VE testified that he could not work. (Docket no. 1).

7

1.      *Steps One Through Three*

At step one of the five-step sequential analysis the ALJ found that Plaintiff has not engaged in substantial gainful activity at any time relevant to her decision.  The parties do not dispute the ALJ's step one finding.

At step two of the analysis the ALJ found that Plaintiff has the severe impairment of traumatic brain injury with residual left-sided weakness.  The ALJ considered Plaintiff's mild right-sided sensoineural hearing loss at high frequency, post-traumatic headaches, and depression and concluded that these conditions were not severe because they were not documented to have significantly interfered with Plaintiff's ability to engage in basic work activities for any continuous period of at least twelve months.

It is well established that "once any one impairment is found to be severe, the ALJ must consider both severe and nonsevere impairments in the subsequent steps" and it becomes "legally irrelevant" that other impairments are not considered severe. *McGlothin v. Comm'r*, 299 Fed. Appx. 516, 522 (6th Cir. 2008) (citing *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008)); *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).  The ALJ proceeded to the remaining steps of the sequential analysis following her step two analysis.  The undersigned finds no error in the ALJ's step two analysis.

The ALJ proceeded to step three, finding that Plaintiff did not have a listing level impairment.  (TR 12-13).  The step three finding was based on the absence of any medically objective evidence in the record to show that Plaintiff's impairments met or medically equaled any listed impairment.  Plaintiff has not shown that the ALJ erred in the step three assessment. *Foster v Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (the claimant carries the burden of demonstrating that

his impairment satisfies the diagnostic description for a listed impairment).

2.      *Steps Four and Five*

The ALJ considered the evidence at length and concluded that Plaintiff's medically determinable impairments could reasonably be expected to produce some of his alleged symptoms. Once this finding was made, the ALJ was required to evaluate the evidence as a whole, including Plaintiff's own statements about his pain or other symptoms, and consider the extent to which the intensity and persistence of the symptoms could limit his ability to work.   20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).  Whenever the evidence as a whole fails to support a claimant's statements about the intensity, persistence, or limiting effects of his pain or symptoms, the ALJ is required to make a finding on the claimant's credibility.  Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *2.  "[A]n ALJ's findings based on the credibility of [a claimant] are to be accorded great weight and deference."  *Walters v. Comm'r*, 127 F.3d at 531.

Here, the ALJ provided an accurate summary of Plaintiff's testimony and his subjective complaints about the effects of his pain and other symptoms on his ability to work.  After doing so, the ALJ considered the medical evidence and concluded that the objective findings failed to support his allegations of disabling symptoms and limitations.  In fact, the ALJ found that certain of Plaintiff's allegations were wholly unsupported by the medical evidence.  (TR 13).  These allegations included that he could not lift a gallon of milk, could not stand for more than fifteen minutes, and could not walk more than one hundred paces.  Instead, the ALJ reviewed the evidence and found that just four months after the car accident Plaintiff walked with a limp but without an assistive device, and he had full range of motion of all joints except the lumbar spine.  She noted that the evidence showed that Plaintiff had decreased strength in the left extremities but minimal atrophy

9

and overall intact manual function of the left and right hands.  She cited evidence that stated that Plaintiff may have difficulty lifting heavy objects but he retained the ability to button clothing, manipulate paper and pen, and open doors.  She found that there was no evidence to support his allegations of bladder and bowel incontinence.  She also considered objective evidence pertaining to Plaintiff's mental status and found that the evidence showed that his short and long term memory and rate of mentation were all within normal limits, and he was oriented to person, place, time, and situation.

In addition to the objective medical evidence, the ALJ considered Plaintiff's daily activities, the location, duration, frequency and intensity of his pain, his medication use, and other evidence of record as required by 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  The ALJ found that Plaintiff had only mild restrictions in his activities of daily living and remained independent in his activities.  She observed that Plaintiff's seizures were controlled on Dilantin, and she discussed the fact that Plaintiff complained of debilitating headaches but took only over-the-counter medication to treat his pain.  She also noted a number of inconsistencies between the evidence and Plaintiff's testimony relative to his drug and alcohol use, and she found that he made a number of inconsistent statements concerning the events surrounding his car accident.  All of this goes to show that the ALJ did not reject Plaintiff's statements about the intensity and persistence of his pain solely because the objective medical evidence did not support his statements, but rather considered other relevant factors as required by 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

The ALJ considered all of the above and concluded that Plaintiff's allegations of disabling pain and symptoms were not consistent with the record and therefore were not credible.  However, the ALJ did not fully discredit Plaintiff's testimony.  The ALJ acknowledged that Plaintiff had a

10

serious car accident that cause left-sided weakness. She also noted that Plaintiff may have a difficult time lifting heavy objects. To accommodate his condition, the ALJ determined that Plaintiff was limited to a range of medium exertional work with no work around dangerous machinery and unprotected heights.

The ALJ considered appropriate factors, supported her credibility finding with substantial evidence, and provided a reasonable explanation for why she found that Plaintiff's testimony was not fully credible. She also discussed and adequately addressed the medical opinion evidence. She fashioned an RFC and posed a hypothetical to the VE that took into account Plaintiff's credible limitations. When the VE testified that jobs were available for an individual with Plaintiff's limitations, the ALJ appropriately concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

Contrary to Plaintiff's assertion, the ALJ was not bound by VE testimony that work would be precluded if Plaintiff's complaints of debilitating headaches, seizures, incontinence, left-sided weakness, impatience and memory problems were believed. This is because the ALJ found that the evidence did not substantiate the majority of these claims. Furthermore, the ALJ did not err in failing to find that Plaintiff's seizures were debilitating because she concluded that his seizures were controlled on medication. Nevertheless, she accounted for Plaintiff's seizures by imposing a restriction on his ability to work around unprotected heights and moving machinery. (TR 421, 432). The ALJ's disability determination is supported by substantial evidence and should not be disturbed.

### REVIEW OF REPORT AND RECOMMENDATION:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of

Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: December 3, 2013          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Brian Bowman and Counsel of Record on this date.

Dated: December 3, 2013          s/ Lisa C. Bartlett
                                 Case Manager

12