UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BOWMAN,

    Plaintiff,

Case No. 12-cv-14494

v.

HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                  /

**ORDER ADOPTING REPORT AND
RECOMMENDATION** (document no. 23), **GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT** (document no. 22), **AND DISMISSING CASE**

    The Social Security Administration ("SSA") denied Plaintiff and claimant Brian Bowman's application for a period of disability, disability insurance, and supplemental security income in a decision issued by Administrative Law Judge ("ALJ") Dana McDonald on June 22, 2012. *See* ALJ Decision, ECF No. 10-2, at 9. After the SSA Appeals Council declined to review the decision, Bowman appealed to this Court. The Court referred the matter to a United States Magistrate Judge, and the parties filed cross motions for summary judgment. On December 3, 2013, the magistrate judge issued a Report and Recommendation ("Report"), suggesting the Court deny Bowman's motion and grant the Commissioner of Social Security's ("Commissioner") motion. Report, ECF No. 23.

    The Report noted that Bowman was thirty-nine years old at the alleged onset of his disability, with a GED and some writing classes. On September 13, 2009, Bowan suffered a serious motor vehicle accident. He stated he has had trouble with his short and long term memory, and general interaction with others, since the accident. *Id.* at 2. He made claims for disability based on a skull fracture, brain herniation, and post left temporal craniectomy.

When considering the application, the ALJ found that Bowman had severe impairments of traumatic brain injury with residual left-side weakness, and non-severe impairments of mild right-sided sensoineural hearing loss, post-tramuatic headaches, and depression. But, when applying the five-step disability analysis, the ALJ found that these conditions did not meet or equal a listing in the Social Security Regulations. The ALJ also found that Bowman retained a residual function capacity to lift or carry 50 pounds occasionally and 25 pounds frequently, sit for six hours in an eight hour day, stand/walk with normal breaks for six hours in an eight hour day, frequently climb ramps and stairs, and frequently balance, kneel, stop, crouch, and crawl. Although the ALJ noted that Bowman had not worked since the injury, and that he was unable to perform his past relevant work, the ALJ found that there were jobs that existed in significant numbers in the regional economy appropriate for his limitations. Consequently, the ALJ found that Bowman was not entitled to benefits. *Id.* at 5 (citing ALJ Decision at 6-9).

In his complaint and letter in response to an order to show cause, which the Report construed as a motion for summary judgment, Bowman generally alleges that his poor memory and seizures prevent him from working. He also points out the ALJ concluded he could not work, but still denied his claim to benefits. After examining the pleadings and the Administrative Record, the Report concluded that the ALJ had substantial evidence to conclude that Bowman was not entitled to benefits. The ALJ examined evidence that contradicted Bowman's claims of more serious physical limitations, and also considered the objective evidence that Bowman's mental limitations were within normal limits. The ALJ also considered daily activities, and other evidence of record when making this determination. *Id.* at 10. Finally, the ALJ's consultation and findings based on the vocational

expert's testimony was appropriate and supported by substantial evidence. Thus, the Report suggested granting the Commissioner's motion for summary judgment and dismissing the case.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, grant the Commissioner's motion for summary judgment, and dismiss the case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (document no. 23) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (document no. 22) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 5, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 5, 2014, by electronic and/or ordinary mail.

                                         s/Carol Cohron
                                         Case Manager